No. 29,203 and No. 29,267.

L. P. SENTNEY, *Appellee*, v. GEORGE D. SINCLAIR and THE TRUSTEES OF THE CENTRAL CATTLE LOAN COMPANY, *Appellants*.

(286 Pac. 269.)

Opinion filed April 5, 1930.

*O. A. Wilson,* of Jetmore, *E. T. Foote* and *Carr W. Taylor,* both of Hutchinson, for the appellants.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: There are two appeals in this action, one by the defendant George D. Sinclair and the other by the defendants, the trustees of the Central Cattle Loan Company. The plaintiff commenced the action against George D. Sinclair and the Central Cattle Loan Company to recover from Sinclair on a promissory note for $1,357 signed by him and given to the Central Cattle Loan Company in renewal of a promissory note previously given by Sinclair to the loan company, and by it assigned to the plaintiff. The plain-

tiff asked that he "be adjudged to be the owner of, and entitled to the proceeds of said note of $1,357." Judgment was rendered against the trustees of the Central Cattle Loan Company declaring the plaintiff to be the owner of the note and that they had no interest therein, from which the trustees of the Central Cattle Loan Company appeal. Judgment was also rendered in favor of the plaintiff against George D. Sinclair, from which he appeals.

The action was tried without a jury, and the court made findings of fact, as follows:

"1. The court finds that the note sued upon was given by defendant, George D. Sinclair, to defendant, Central Cattle Loan Company, and by such company sold to the plaintiff, L. P. Sentney, before maturity and for a valuable consideration.

"2. The note described in finding No. 1 was secured by a chattel mortgage of the same date covering live stock belonging to Sinclair in Hodgeman county, Kansas, which mortgage was filed in the office of the register of deeds of such county, February 25, 1921, and recorded in Book H of chattel mortgages at page 273. This mortgage also secured the payment of two other notes of same date from Sinclair to Central Cattle Loan Company, one for $2,500 and one for $3,000.

"3. J. C. Hopper was the managing head of defendant, Central Cattle Loan Company, and as such he took a new note from Sinclair, payable to Central Cattle Loan Company, for the amount of the note in finding No. 1, $1,248.43, on May 21, 1921, renewing such note on August 27, 1921, and again on October 21, 1921, paying the interest to Sentney, plaintiff, on the note sold him, up to November 28, 1921. Neither Hopper nor the Central Cattle Loan Company pay [paid] anything on the principal of the note owned by Sentney, described in finding No. 1. These notes were each secured by chattel mortgages given by Sinclair to Central Cattle Loan Company, and which were kept in full force and effect by renewal affidavit on August 31, 1923, until they were released and new mortgage substituted.

"4. Defendant, George D. Sinclair, paid to Central Cattle Loan Company all of his indebtedness to it except the sum of $1,357 and for which amount he gave them his note on November 23, 1925, which note was secured by a chattel mortgage of even date, filed and recorded in Hodgeman county, and which mortgage was kept in force by renewal affidavit filed November 2, 1927, and is still a valid and subsisting lien on the property mortgaged thereunder. The amount due from Sinclair to the Central Cattle Loan Company includes the $1,248.43 note owned by Sentney. In other words, not computing interest, Sinclair owes Sentney $1,248.43 and the Central Cattle Loan Company $108.57, both amounts being secured by the chattel mortgage of November 23, 1925.

"5. Defendant, George D. Sinclair, paid about 1922, the Central Cattle Loan Company the $1,248.43 note owned by L. P. Sentney through its agent, J. C. Hopper, and neither Hopper nor the Cattle Loan Company has paid Sentney the amount of such note.

"6. Sometime in the month of February, 1927, L. P. Sentney, plaintiff

herein, and the Central Cattle Loan Company, defendant herein, in order to settle and compromise a suit then pending in the district court of Reno county, entered into a stipulation as to terms of settlement, which recited, in part, as follows: 'Whereas, it is desired to compromise and settle said judgment and all matters of dispute between L. P. Sentney and the Central Cattle Loan Company, . . . in consideration of which the said L. P. Sentney agrees to release said judgment against the Central Cattle Loan Company and all claims of any manner and description which he may have against said company. It is understood that said L. P. Sentney is to retain said notes sued upon in the above-entitled action.' This note for $1,248.43 was one of the notes sued upon in said action.

"7. That J. C. Hopper severed his connection with the defendant, the Central Cattle Loan Company, more than two (2) years before February, 1927, and was not an officer of the Central Cattle Loan Company in February, 1927; that said note for $1,357 was carried on the books of the Central Cattle Loan Company, and considered by the officers of said company, as an asset of the company at all times after said note was received by the Central Cattle Loan Company; that there is no evidence at the time of the compromise settlement between L. P. Sentney and the Central Cattle Loan Company, that any officers of the Central Cattle Loan Company, or any other person acting on behalf of said company, had any knowledge that L. P. Sentney was claiming any interest in said note for $1,357 or the security for said note."

From these findings of fact the court deduced the following conclusions of law:

"The stipulation as to terms of settlement precluded the plaintiff from maintaining any claim against the Central Cattle Loan Company, but this is not a claim against the Central Cattle Loan Company, but is a claim against George D. Sinclair, and since the chattel mortgage securing the $1,357 note is in effect a renewal of the chattel mortgage which secured the note sued upon, and others, the security should follow the note and should be the property of the plaintiff to the extent at least of satisfying his claim against George D. Sinclair. In other words, the plaintiff should be subrogated to the rights of the defendant, Central Cattle Loan Company, in the mortgage securing the $1,357 note."

Judgment was rendered in favor of the plaintiff "against the defendant, George D. Sinclair, upon his promissory note set out and described in plaintiff's petition, in the sum of $1,248.43, with interest from the 28th day of February, 1922, at 10 per cent per annum."

■ The first contention of the trustees of the Central Cattle Loan Company is that "the evidence in the case does not support the finding of the court that the $1,357 note was a renewal of the $1,248.43 note." That was not a finding of fact made by the court. It was a conclusion of law, and instead of being in the language

quoted, it was that "the chattel mortgage securing the $1,357 note is in effect a renewal of the chattel mortgage which secured the note sued upon."

We quote from the abstract of the Central Cattle Loan Company as follows:

"J. H. Tharp, a witness for plaintiff, testified as follows:

"Identified note register of the Central Cattle Loan Company and showed record of notes of George D. Sinclair dated 5-29-21 as follows: One note, No. 1111, for $3,000; one note, No. 1112, for $2,500; one note, No. 1113, for $1,248.43; one note, No. 1114, for $680; making a total of $7,428.43. Also showed record in note register of notes of Geo. D. Sinclair, dated 8-27-21, which he thought to be renewals of the above notes, as follows: No. 1123, for $3,000; No. 1124, for $2,500; No. 1125, for $1,248.43; No. 1126, for $680. Also showed record in note register of notes of same amount by George D. Sinclair, dated October 21, 1921, as follows: One note, No. 1165, for $3,000; one note, No. 1166, for $1,248.43; one note, No. 1167, for $680; one note, No. 1168, for $2,500.

"Testified he did not think there was any later notes of Geo. D. Sinclair for these particular amounts, but that there were Sinclair notes subsequent to November, 1921; that some of the mortgaged property was sold and proceeds applied on these notes and balance renewed, the $1,357 note being the last renewal."

George D. Sinclair, a witness for plaintiff, testified as follows:

"I have resided at Jetmore, Kansas, for forty-nine years. In 1921 I owed the Central Cattle Loan Company around seven thousand dollars, represented by three notes. I knew Mr. Hopper before he come to Hutchinson. I expect I borrowed a hundred thousand dollars from him. I have liquidated all my indebtedness to the Cattle Company, except the present note for something like $1,300. I paid Mr. Hopper the $1,248.43 note. I learned Mr. Sentney was claiming to hold that note two or three years ago when they sued me and him together. . . .

"Q. This thirteen hundred and forty some dollars, $1,357 note, was all that was left of the indebtedness which you had given these various notes and mortgages for and was the balance due on all of that paper? A. Yes, sir."

The conclusion complained of was justified by the evidence and was properly drawn from the facts found.

■ We quote from the brief of the trustees of the Central Cattle Loan Company, as follows:

"In its conclusions of law, the court states that the compromise settlement barred Sentney from maintaining any claim against the Central Cattle Loan Company. Then the court enters judgment against the Central Cattle Loan Company, declaring Sentney to be the owner of the $1,357 note which the Central Cattle Loan Company claimed at the time the settlement was made."

Of that conclusion complaint is made. The foundation for this complaint is in the sixth finding of fact. That finding is based on previous litigation between L. P. Sentney and the Central Cattle Loan Company. That litigation reached this court, and the opinion thereon is found in *Sentney v. Central Cattle Loan Co.*, 119 Kan. 545, 240 Pac. 856. The judgment there appealed from was reversed, and the action was remanded to the district court of Reno county and was again tried. Another appeal was taken. Pending that appeal a compromise and settlement was effected between L. P. Sentney and the Central Cattle Loan Company. That is the compromise and settlement to which reference is made in finding numbered six. The abstracts do not disclose clearly the purpose of that litigation, but the statement of facts found in the brief of the plaintiff reveals that the action was one to establish liability on the part of the loan company to the plaintiff on guaranties or indorsements on notes that had been sold by the loan company to the plaintiff. There is nothing in the record as presented to this court to show that the issues in that case were the same as the issues in the present action. The findings of fact recite that Sentney was to retain the notes involved in the action between him and the Central Cattle Loan Company and recite that the note for $1,248.43 was one of those notes. The findings of fact reveal the $1,248.43 note had been paid to the Central Cattle Loan Company, and that the $1,357 note involved in this action had been given to take the place of it. The settlement did not bar Sentney from recovering his share of the $1,357 note. It should be noted that no judgment was rendered against the Central Cattle Loan Company or its trustees on the $1,357 note. The judgment against the loan company was that the plaintiff was the owner of that note and that he be subrogated to the right of the loan company under the chattel mortgage given to secure it.

■ The trustees of the loan company argue that the action of the plaintiff is barred by the statute of limitations. This argument is made as though this action were based on the note of $1,248.43, dated February 28, 1921. This action is not on that note; it is based on the note for $1,357, dated November 23, 1925. This action was commenced on November 17, 1927. The settlement between Sentney and the Central Cattle Loan Company was made in February, 1927. A cause of action then arose in favor of the plaintiff against the loan company to recover possession of the note or to

establish its ownership. The action against the loan company by the plaintiff was not barred at the time it was commenced.

The appellant, George D. Sinclair, argues that "the court erred in rendering judgment against George D. Sinclair in an amount exceeding that to which plaintiff by his petition claimed to be entitled to"; that "the court erred in rendering judgment against George D. Sinclair for interest"; and that "the court erred in rendering judgment against George D. Sinclair for interest accruing after November 17, 1927." The petition did not allege that the $1,357 note bore any interest, and did not pray for judgment for interest. The prayer of the petition was for judgment against Sinclair "for the amount of said note, $1,357." The summons against George D. Sinclair had indorsed on it the following language:

"If the defendants fail to answer, the plaintiff will take judgment for $1,357 with interest thereon at the rate of 10 per cent per annum from the 23d day of November, A. D. 1927 [1925], and costs of suit. Restraining order allowed. Carl A. Richardson, clerk."

None of the abstracts set out a copy of any note. The original petition has been examined and there is not attached to it any copy of any note. There is attached to the petition a copy of the chattel mortgage given to secure the payment of a note, which copy describes the note as one for $1,357, dated November 23, payable in one year with interest at ten per cent per annum from maturity, according to the terms of the note. The chattel mortgage is dated November 23, 1925. The abstract contains the following:

"Records show $1,357 note dated 11-23-25 was due in one year with interest at 8 per cent from date."

It does not appear that the petition was amended, nor that any amendment was asked. The action against Sinclair is one for the recovery of money.

Section 60-704 of the Revised Statutes of 1923, in part, reads:

"A petition must contain . . . a demand of the relief to which the party supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated; and if interest thereon be claimed, the time from which interest is to be computed shall be also stated."

In *Insurance Co. v. Weeks*, 45 Kan. 751, 26 Pac. 410, this court used the following language:

"Where the prayer of a petition asks for interest from a certain date, the plaintiff cannot recover interest from a prior date." (Syl. ¶ 4.)

If the statute is followed the plaintiff was not entitled to any interest at the time the judgment was rendered.

In the fourth finding the court said that the plaintiff owned $1,248.43 of the $1,357 note and that the Central Cattle Loan Company owned $108.57 of that note. The plaintiff was not entitled to judgment for more than $1,248.43 out of the $1,357 note. Under the pleadings the plaintiff was not entitled to interest previous to the rendition of judgment. Under the findings of the court the plaintiff's interest in the $1,357 note was $1,248.43. That marked the extent to which he was entitled to judgment.

Judgment was rendered against Sinclair for $107.30 costs. He argues that the controversy was between the plaintiff and the Central Cattle Loan Company and that he should not be compelled to pay costs. Sinclair filed an answer and alleged payment of the note. If he desired to avoid the payment of costs he should have confessed judgment or paid into court the amount of money called for by the note. Having failed to do that, he is liable for the costs of the action against him.

The action is remanded to the district court with directions to enter judgment in favor of the plaintiff and against George D. Sinclair for $1,248.43 with interest thereon from the date of the judgment. In all other respects the judgment is affirmed.